

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-61,939-01 and WR-61,939-02

### IN RE DAVID DOW, Movant

### ON MOTION FOR LEAVE TO FILE AND EMERGENCY MOTION TO STAY ENFORCEMENT OF CONTEMPT ORDER ISSUED IN HABEAS APPLICANT PAREDES'S CASE FROM CAUSE NO. 2000-CR-6067B IN THE 399TH JUDICIAL DISTRICT COURT BEXAR COUNTY

### NO. WR-62,099-03

### IN RE ROBERT LYNN PRUETT, Petitioner

### ON COUNSEL'S MOTION FOR LEAVE TO APPEAR AND FILE A MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF PROHIBITION AND A PETITION FOR WRIT OF PROHIBITION IN PETITIONER PRUETT'S CASE FROM CAUSE NO. B-01-M015-0-PR-B IN THE 156TH JUDICIAL DISTRICT COURT BEE COUNTY

**ALCALA, J., filed a statement concurring in part and dissenting in part.**

### CONCURRING AND DISSENTING STATEMENT

I respectfully concur in this Court's order that essentially permits attorney David Dow to represent Robert Lynn Pruett in his current pleadings before this Court. I dissent,

however, from this Court's order refusing to stay enforcement of its sanction against Dow. Rather than carve out a limited exception to the suspension imposed by this Court against Dow, I would instead immediately terminate the sanction in its entirety.

Today marks my third opinion documenting my ongoing disagreement with this Court's excessive action against Dow. Through its present order, a majority of this Court now permits Dow to represent only Pruett in his current litigation, but it leaves the one-year suspension in place. This baby step is in the right direction, but instead a giant leap is needed.

When this Court suspended Dow from practicing before it for one year, the suspension order was intended to affect only actions in this Court, but the punishment ended up being more expansive and punitive than what was ordered by or apparently intended by this Court. In addition to now having successfully completed about one-fourth of the entire term of his sanction, Dow's punishment became far more severe than originally intended because he was also prohibited from practicing in a federal district court for a six-week period due to reciprocal discipline by the federal court. Because this Court's sanction became more punitive than what was apparently intended, this Court should early terminate the sanction imposed against respondent Dow, fully releasing him from all penalties imposed on him by this Court's order dated January 14, 2015. Whatever the degree of Dow's infraction or the propriety of this Court's January majority order sanctioning him, his months of suspension that were, in effect, carried out by this Court and a federal district court should satisfy this

Court's desire to punish him for his conduct.  Because this Court refuses to early terminate its order imposing sanctions, I concur only in the ultimate conclusion reached to permit Dow to represent Pruett in this case.

Filed: April 1, 2015

DO NOT PUBLISH